**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

MARTIN CISNEROS,                    )
                                    )
           Plaintiff,               )
                                    )
     v.                             )     No. 3:04-0634
                                    )     Judge Echols
JAMELL RANDALL                      )
                                    )
           Defendant.               )

## ORDER

Pending before the Court is a Report and Recommendation (Docket Entry No. 25) of the Magistrate Judge, to which Plaintiff has filed an Objection (Docket Entry No. 26).

Plaintiff filed a civil rights complaint against Nashville police officer Jamell Randall, the Metropolitan Government of Nashville, and the State of Tennessee. Both the Metropolitan Government and the State were dismissed by Order of this Court dated May 17, 2005. (Docket Entry No. 19). With those dismissals, there remained only the claims against Jamell Randall.

On May 26, 2005, an Order was entered instructing Plaintiff to show good cause as to why the case should not be dismissed because he had not effectuated service on Jamell Randall as required by the federal rules. No good cause was shown and, consequently, the Magistrate Judge entered the Report and Recommendation recommending dismissal of the complaint without prejudice.

By way of objection to the Report and Recommendation, Plaintiff claims he "served" counsel at the Department of Law of

1

the Metropolitan Government of Nashville and Davidson County. It is Plaintiff's position that since the lawyer he "served" represented the Metropolitan Government in this action, she also represented Jamell Randall; that if counsel did not represent Randall she should have so informed the Court; and that because she did not do so, counsel "should be reprimanded for this underhanded tactics [sic]." (Docket Entry No. 26).

This Court does not view counsel's action (or inaction) as underhanded. It is not incumbent upon counsel to inform the Plaintiff, *pro se* or not, how to effectuate service.

Rule 4(m) of the Federal Rules of Civil Procedure requires that service be made within 120 days after the filing of the Complaint unless good cause is shown to extend that time. Service upon an individual may be made in one of three ways, including "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

There is no showing that counsel for the Metropolitan government is authorized to accept service for police officers who are sued. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Since good cause has not been shown in this case, the Magistrate Judge was correct in recommending this action be dismissed without prejudice.

Accordingly, the Report and Recommendation is ADOPTED, the

2

Objection is OVERRULED, and this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE